IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ABELARDO BARRERA URQUIZO | § | |
| | § | |
| v. | § | C.A. NO. C-08-46 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PETITIONER'S MOTION FOR A
<u>DEFAULT JUDGMENT OR EVIDENTIARY HEARING</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. On April 7, 2008, petitioner filed a document captioned "Plaintiff's Notice of Respondent's Violation of Court Order." (D.E. 13). In this filing, petitioner contends that respondent did not timely file his answer. Petitioner argues that respondent's answer was due on March 28, 2008 because the order for service of process, which was signed on February 28, 2008, required an answer to be filed within thirty days. <u>Id.</u> at 1. He moves the Court to issue an order finding that his allegations are true, and to grant habeas relief in his favor. <u>Id.</u> at 2. His pending motion is construed as a motion for a default judgment. In the alternative, he requests an evidentiary hearing. <u>Id.</u>

### I. DISCUSSION

Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus

relief. See, e.g., Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition)); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."). The Fifth Circuit has found that a district court should not have "visited upon the community the consequences" of granting habeas corpus relief because of the government's delay in responding to a court order. Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).

The service order in this case ordered respondent to file an answer "within thirty days of receipt of the petition." (D.E. 8, at 1). The United States Postal Service's web site shows that the petition and service order were delivered on March 4, 2008.[1] The answer was therefore due by April 3, 2008. Respondent filed his answer on April 2, 2008. (D.E. 11).

## II.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion for default judgment, (D.E. 13), be denied. It is further respectfully

---

[1] The tracking number for these documents was 7003 3110 0002 0872 7344.

recommended that petitioner is not entitled to an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).

    Respectfully submitted this 14th day of April 2008.

                                                 _____
                                               BRIAN  L. OWSLEY
                                               UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).