IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ABELARDO BARRERA URQUIZO | § | |
| TDCJ-CID #1134444 | § | |
| v. | § | C.A. NO. C-08-046 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Criminal Institutions Division, and currently is incarcerated at the Wynne Unit in

Huntsville, Texas.  On January 25, 2008, petitioner filed this pro se habeas corpus

petition pursuant to 28 U.S.C. § 2254.  (D.E. 1, at 9).  On April 2, 2008, respondent

filed a motion for summary judgment, arguing only that the petition is time-barred.

(D.E. 12).  On April 14, 2008, petitioner filed a response to this motion, and a

motion for summary judgment.  (D.E. 16, 17).  For the reasons stated herein, it is

respectfully recommended that the respondent's motion for summary judgment be

granted, and petitioner's habeas petition be dismissed with prejudice.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  28 U.S.C. § 2241(d);

Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).  Petitioner was

convicted in the 117th Judicial District Court of Nueces County, Texas, in cause

number 02-CR-2817-B.  (D.E. 1, at 2).  Jurisdiction is therefore proper in this

Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On August 29, 2002, petitioner was indicted on twenty-six counts of

indecency with a child.  Ex parte Urquizo, App. No. WR-68,608-01, at 143-48.  On

November 12, 2002, he pleaded guilty to three counts in exchange for a

recommended sentence of twenty years on each, to be served concurrently.  Id. at

99-100, 108, 241-45.  On the same day, the court accepted this recommendation

and sentenced petitioner accordingly.  Id. at 241-43.  Pursuant to the plea bargain,

he waived his right to appeal without the trial court's permission.  Id. at 108, 132.

On December 12, 2002, petitioner filed a motion for new trial and for leave

to appeal through his newly retained attorney Michael Gordon.  Id. at 18.  On

December 13, 2002, the trial court denied his motion.  Id. at 20.  On January 19,

2003, Mr. Gordon filed a motion for hearing and an amended motion for new trial.

Id. at 19.  That motion was denied without a hearing.  Id. at 100.

On July 12, 2007, petitioner filed a state habeas application.  Id. at 2.  He

claimed that his guilty plea was involuntary, that his Miranda rights had been

2

violated, and that trial and appellate counsel rendered ineffective assistance.  Id. at

7-10.  On October 2, 2007, the trial court recommended that his petition be denied.

Id. at 112.  On December 5, 2007, the Court of Criminal Appeals denied his

petition without written order on the trial court's findings of fact and conclusions

of law.  Id. at cover, 103-112.

On January 25, 2008, petitioner filed this federal habeas petition.  (D.E. 1).

He again claims that his plea was involuntary, that his Miranda rights were

violated, and that trial and appellate counsel rendered ineffective assistance.  Id. at

7-8.  On April 2, 2008, respondent moved for summary judgment on the grounds

that the petition was filed outside the one-year limitations period for federal habeas

petitions.  (D.E. 12).  On April 14, 2008, petitioner responded, arguing that the

limitations period should be tolled until the day he filed his state habeas application

because Mr. Gordon never informed him that his appeal was not proceeding.  (D.E.

17, at 1).  He claims that he only learned in June 2007 that his  appellate

proceedings were not pending, and that he filed his state habeas application as soon

thereafter as possible.  Id.

## III.  RELEVANT LEGAL STANDARDS

**A.     Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus proceedings.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, considering all pleadings, depositions, affidavits, answers to interrogatories, and admissions on file in the light most favorable to the non-movant.  <u>Caboni v. Gen. Motors Corp.</u>, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Williams v. Adams</u>, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to

the non-movant to show that a genuine issue of material fact remains for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-

movant cannot merely rest on the allegations of the pleadings, but must establish

that material controverted facts preclude summary judgment.  Fed. R. Civ. P. 56(e);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary

judgment is proper if the non-movant fails to make a showing sufficient to

establish the existence of an element essential to his case on which he bears the

burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v.

Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.     Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is

being held in violation of the Constitution, laws, or treaties of the United States.

Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), courts may not grant habeas relief unless a petitioner demonstrates

that the state court's decision was "contrary to, or involved an unreasonable

application, of clearly established federal law" or was "based on an unreasonable

determination of the facts."  28 U.S.C. § 2254(d).  Thus, "federal habeas relief is

only merited where the state court decision is both incorrect <u>and</u> objectively

unreasonable." <u>Morrow v. Dretke</u>, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in

original) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 411 (2000)); <u>see also</u> <u>Riddle v.

Cockrell</u>, 288 F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure

that state-court convictions are given effect to the extent possible under law."  <u>Bell

v. Cone</u>, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable

application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  <u>Id.</u> at

694 (citing <u>Williams</u>, 529 U.S. at 404-05).  The Court explained:

> A federal court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the
> governing law set forth in our cases, or if it decides a
> case differently than we have done on a set of materially
> indistinguishable facts.  The court may grant relief under
> the "unreasonable application" clause if the state court
> correctly identifies the governing legal principles but
> unreasonably applies it to the facts of the particular case.
> The focus of the latter inquiry is on whether the state
> court's application of clearly established federal law is
> objectively unreasonable, and we stressed in *Williams*
> that an unreasonable application is different from an
> incorrect one.

<u>Id.</u> (citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a

"state court arrives at a conclusion opposite to that reached by [the Supreme Court]

6

on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted). The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's 'decision,' and not the written order explaining that decision.'" St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003). The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is available if a state court decision is objectively unreasonable. Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000). A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001). As with the "contrary to" test, the

focus of the "unreasonable application" test is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)).  The presumption of correctness is also accorded to adjudications made during state post-conviction proceedings.  Id.  The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)).  In some circumstances, findings of fact may be implied from conclusions of law.  See Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

# IV.  DISCUSSION

## A.    The State Court's Findings And Conclusions Are Entitled To Deference Pursuant To AEDPA.

AEDPA's deferential standard of review for substantive claims applies only to claims adjudicated on the merits.  28 U.S.C. § 2254(d).  The Texas Court of Criminal Appeals denied petitioner's habeas application without written order, adopting the trial court's findings and conclusions.  Ex parte Urquizo, No. WR-68,608-1, at cover.  A denial without written order is an adjudication on the merits, even though the state court has not explained its reasoning.  See Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998) ("the denial of relief serves, under Texas law, to dispose of the merits of the claim") (citing Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding that "denial" signifies an adjudication on the merits, while "dismissal" means the court has declined to consider the claim)); see also Neal, 286 F.3d at 235 (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive") (citation omitted).  Thus, petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's decision was "contrary to, or involved an unreasonable application, of clearly established federal law," or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).  Furthermore, all of the state

court's findings of fact must be presumed correct unless petitioner rebuts the

presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**B.      Petitioner's Claims Are Barred By AEDPA's Limitations Period.**

Respondent contends that the application was filed outside the one-year

limitations period set by AEDPA.  (D.E. 12, at 3-5).  AEDPA provides that the

one-year limitations period runs from the latest of four alternative dates:

> (A)    the date on which the judgment became final
> by the conclusion of direct review or the
> expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from
> filing by such State action;

> (C)    the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if
> the right has been newly recognized by the
> Supreme Court and made retroactively applicable
> to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim
> or claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks

state post-conviction writ review:

> The time during which a properly filed application for
> State post-conviction or other collateral review with

10

> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner does not contest respondent's assertion that § 2244(d)(1)(A) controls.  (D.E. 12, at 4).  The Fifth Circuit has explained that convictions become final for the purposes of § 2244(d)(1)(a) "'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied.'"  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (quoting Caspari v. Bohlen, 510 U.S. 383, 390 (1994)).  Petitioner's November 12, 2002 guilty plea limited his right to appeal without the trial court's permission because a plea bargain was involved.  Tex. R. App. P. 25.2(a)(2)(B); see also Cleveland v. State, 588 S.W.2d 942, 944 (Tex. Crim. App. 1979) (where defendant's punishment is in accordance with plea bargain, only matters raised and heard before trial are appealable without leave of the trial court).  Because petitioner filed a timely motion for a new trial, he had ninety days from the date of conviction to file a notice of appeal.  Tex. R. App. P. 26.2(a)(2).[1]  After that period, he was "unable to pursue further direct review" in

---

[1] The Texas Rules of Appellate Procedure do not specify a limitations period for a motion for permission to appeal.  However, they do provide that an appeal is perfected by timely filing a notice of appeal.  Tex. R. App. P. 25.2(b).  When an appellant waives his right to appeal, Texas courts typically construe a notice of appeal as a request for permission to appeal.  See, e.g., Crissup v. Quarterman, No. C A C-05-431, 2007 WL 737496, at *2 (S.D. Tex. Mar. 7, 2007)

Texas courts.  Roberts, 319 F.3d at 693; see also Tex. R. App. P. 66.1, 68.1 (Court

of Criminal Appeals may only review a decision of a court of appeals).          When

the deadline for filing a notice of appeal expired, petitioner forfeited his right to

petition the Supreme Court for certiorari because he could not obtain a judgment

from the Court of Criminal Appeals.  See Roberts, 319 F.3d at 693 n.14; see also

28 U.S.C. § 1257 (only final judgments of "highest court of a state" are reviewable

on certiorari).  Therefore, the ninety day period for filing a petition for certiorari

should not be included in the calculation.  See Mitchell v. Warden, Broad River

Corr. Inst., No. 4:06-3218, 2007 WL 2406782, at *5 (D.S.C. Aug. 20, 2007)

(unpublished); see also Johnson v. Ott, 192 F.3d 510, 512-13 (5th Cir. 1999)

(tolling does not include ninety days for a petition for writ of certiorari to the

United States Supreme Court from the final denial of a state's highest court in a

collateral action).  Accordingly, his conviction became final on Monday, February

10, 2003.  Petitioner therefore had until February 10, 2004 to file a federal habeas

petition.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).  Petitioner

filed his application for state habeas relief on July 12, 2007, more than three years

after the time for filing a federal habeas petition expired.  Therefore, it did not

---

(unpublished).  Therefore, it is respectfully recommended that the conviction of a defendant
sentenced pursuant to a sentencing agreement who files a motion for a new trial becomes final
ninety days after the entry of judgment unless he is granted permission to appeal.  See Mitich v.
State, 47 S.W.3d 137, 139-40 (Tex. App. 2001).

trigger AEDPA's statutory tolling provision.  28 U.S.C. § 2244(d)(2); <u>see also</u> <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000) (AEDPA's limitations period not tolled by post-conviction proceedings occurring after deadline has expired).

Petitioner does not argue that his petition was timely filed.  Instead, he contends that he is entitled to equitable tolling.  (D.E. 17, at 1).  The Fifth Circuit has explained that "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  <u>Johnson v. Quarterman</u>, 483 F.3d 278, 286 (5th Cir.), <u>cert. denied</u> 128 S. Ct. 709 (2007) (quoting <u>Fierro v. Cockrell</u>, 294 F.3d 674, 682 (5th Cir. 2002)); <u>see also</u> <u>Lawrence v. Florida</u>, _ U.S. _, 127 S. Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted).  Excusable neglect, or ignorance of the law, does not justify equitable tolling.  <u>Fierro</u>, 294 F.3d at 682. Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the cause of action, or is prevented in some extraordinary way from asserting his rights.  <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted).  A prisoner proceeding <u>pro se</u> is not a "rare and exceptional" circumstance.  <u>Felder v. Johnson</u>, 204 F.3d

168, 171 (5th Cir. 2000) (citations omitted).

Petitioner argues that he is entitled to equitable tolling because his appellate counsel rendered ineffective assistance by failing to perfect his appeal.  (D.E. 17, at 3).  He alleges that "Mr. Michael Gordon was hired to perfect the appeal," which included (1) filing a motion for a new trial; (2) filing a motion to withdraw the involuntary guilty plea; (3) filing a timely notice of appeal; (4) filing a motion requesting permission to appeal; and (5) filing a timely appellate brief.  Id. at 3-4. Petitioner further alleges that Mr. Gordon failed to respond to his requests for updates on the appeal process.  Id. at 1, 4.  According to petitioner, Mr. Gordon only replied to his correspondence after the Texas State Bar Client-Attorney Assistance Program ordered him to do so.  Id. at 4.  However, he still did not inform petitioner that the deadline for filing a notice of appeal had elapsed.  Id. Petitioner only discovered that no appeal was pending after he contacted the Nueces County District Clerk, who informed him in June 2007 that Mr. Gordon had only filed two motions for a new trial.  Id.  When he learned no appeal was pending, he immediately filed his state habeas application.  Id.  Thus, he pursued his rights diligently, but extraordinary circumstances prevented him from timely filing this petition.  Id. at 1.

The record, however, shows that petitioner did not diligently pursue his rights.  Petitioner claims that he only discovered that no appeal was pending in

14

June 2007.  However, he signed admonishments that he was agreeing to a plea bargain, he understood its terms, and that he waived his right to appeal if the court accepted the sentencing agreement.  Ex parte Urquizo, No. WR-68,608-1, at 133-34, 244-45.  The trial court found that petitioner entered the agreement knowingly and voluntarily.  Id. at 104.  Moreover, the trial court's order of December 13, 2002 explains that "[d]efendant herein plead guilty in exchange for a recommended sentence and cannot appeal."  Id. at 20.  It also clearly states that his request to appeal is denied.  Id.  Thus, any reasonably diligent defendant would have been on notice that he lacked both the right to appeal and permission to do so, and initiated state habeas proceedings soon thereafter.  At the very least, petitioner should have been aware that he may not have been given permission, and inquired with the court as to whether he had been granted leave to appeal much sooner than he claims to have done.  See Diles v. Quarterman, No. 3:07-CV-0706-M, 2007 WL 2363299, at *3 (N.D. Tex. Aug. 20, 2007) (unpublished) (denying equitable tolling; allegedly ineffective assistance of counsel could not fully explain lack of diligence in ascertaining status of appeal where petitioner waited more than five years after conviction became final to file a state habeas petition).

Petitioner's own state habeas application also demonstrates a lack of diligence.  In his state habeas application, he claimed that appellate counsel was

ineffective for not perfecting his appeal.[2]  Ex parte Urquizo, No. WR-68,608-1, at

17.  To support his claim that Mr. Gordon never filed a notice of appeal, or a brief,

he provided a copy of a letter from the Nueces County Clerk's office dated

February 12, 2004.  Id. at 21.  Enclosed with the letter were copies of the

judgment, plea agreement, and indictment.  Id.  The letter further indicates that

"[t]he only other document in the file that is pending is you [sic] Motion for a New

Trial and the Amended Motion for a New Trial that was filed on January 10,

2003."  Id.  According to petitioner, the letter shows that no appeal was filed.  This

flatly contradicts his unsupported assertion that the Nueces County District Clerk

informed him that no appeal was pending "on, or about June 2007."  (D.E. 17, at

1).  He offers no other explanation for waiting over four years from the date his

conviction was final to file a state habeas application.  Accordingly, it is

respectfully recommended that petitioner did not diligently pursue his rights.

        The findings by the Court of Criminal Appeals also indicate that there were

no extraordinary circumstances.  See Carter v. Johnson, 110 F.3d 1098, 1110 (5th

Cir. 1997) (state court findings of fact, including credibility determinations, "made

in the course of deciding an ineffectiveness claim are entitled to a presumption of

correctness ... [u]nless [the petitioner] rebuts them by clear and convincing

---

        [2] He does not, however, allege that he only learned no appeal had been filed until June
2007.

evidence...."). Petitioner had no automatic right of appeal because he entered into a plea bargain. Ex parte Urquizo, No. WR-68,608-1, at 108. In December 2002, Mr. Gordon, who had represented petitioner in his divorce, explained that he could nonetheless file a motion for a new trial, and request permission to appeal. Id. at 99. Petitioner retained him to file only those motions, which were filed, but denied. Id. at 99, 108-09. The Court of Criminal Appeals explicitly found that Mr. Gordon was not retained to appeal the judgment of conviction. Id. at 109. Petitioner's allegations to the contrary do not amount to clear and convincing evidence that the finding was erroneous.

Moreover, petitioner does not argue that the court unreasonably applied any clearly established federal law in concluding that Mr. Gordon effectively represented petitioner. Id. at 110. Thus, it is respectfully recommended that Mr. Gordon did not render ineffective assistance on any matter within the scope of his representation. Furthermore, even if Mr. Gordon had rendered ineffective assistance on appeal, this would not justify equitable tolling of AEDPA's limitations period. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam). Accordingly, it is respectfully recommended that no exceptional circumstances justify equitably tolling AEDPA's limitations period.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard

18

requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 12), be granted, that petitioner's motion for summary judgment, (D.E. 16), be denied, and this petition dismissed with prejudice as time-barred.  Additionally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 29th day of April 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO THE PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).